# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER VLADIMIROVICH ZALESHCHUK, DANIL ZALESHCHUK OLGA PAPURINA VLADISLAV ZALESHCH NO, 55, MIRA STREET MOKRY BATAY ROSTOVSKAYA RUSSIA 347711<br><br>Plaintiffs<br><br>Against<br><br>CATHERINE HOLT, in her official capacity as U.S. Consul General in Moscow c/o The Executive Office, Office of the Legal Adviser, Suite 5.600, 600 191 Street NW., Washington DC 20522<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES Office of the Chief Counsel 20 Massachusetts Avenue, NW Room 4210 Washington, DC 20529<br><br>and<br><br>GREGORY RICHARDSON, in his official capacity as the Director of the United States Citizenship and Immigration Services' Texas Service Center, 6046 N Belt Line Rd, Irving, TX 75038<br><br>Defendants | Case No.:<br><br>COMPLAINT |

DESCRIPTION OF ACTION

1. This is an action brought by plaintiff, ALEXANDER VLADIMIROVICH ZALESHCHUK, and his spouse and children, OLGA PAPURINA, DANIL ZALESHCHUK, and VLADISLAV ZALESHCHUK, to compel a decision on their applications for immigrant visas which have been pending with the U.S. Consul General in Moscow for very nearly two years

   as well as to bring to a conclusion the unspecified "review" the United States Citizenship and Immigration Services' Texas Service Center has been purportedly engaged in pertaining to Defender Services, Inc.'s Petition for Immigrant Worker upon ALEXANDER VLADIMIROVICH ZALESHCHUK's behalf for over 16 months.

## JURISDICTION

2. This being a civil action against the United States arising under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## STANDING

3. The plaintiffs all have a legally protected interest in a timely decision by the U.S. Consul General in Moscow on their applications for immigrant visas and (1) the invasion of this right has caused them concrete and particularized injury in that as a result of this invasion they have been barred from even being considered for lawful admission to the United States for permanent residence; (2) there is a causal connection between the injury-in-fact and the defendant CATHERINE HOLT's challenged behavior in that it is precisely that defendant's failure to adjudicate their immigrant visa applications which prevents the plaintiffs from applying to the U.S. for admission for lawful permanent

residence and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will give the plaintiffs an opportunity to apply for immigrant visas and ultimately for lawful admission to the U.S. for permanent residency which they are currently lacking. *Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.*, 775 F.3d 1255, 1259-61 (11th Cir. 2014) (viewing "deprivation of an opportunity to apply for adjustment of status" as injury), *Patel v. U.S. Citizenship & Immigration Servs.*, 732 F.3d 633, 637-38 (6th Cir. 2013) (viewing "the loss of an opportunity to become a permanent resident" as injury), *Matushkina v. Nielsen*, 877 F.3d 289, 293 (7th Cir. 2017) (loss of an opportunity to be granted a visa conveyed standing, even if the ultimate issuance of a visa was not certain). Accordingly, the plaintiffs all have standing to complain of the actions of defendant CATHERINE HOLT as set forth below. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

4. Further, the plaintiff ALEXANDER VLADIMIROVICH ZALESHCHUK has a legally protected interest in a timely conclusion of the unspecified "review" of Defender Services, Inc.'s approved immigrant visa petition upon his behalf by defendants UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and GREGORY RICHARDSON because (1) the invasion of this right has caused him concrete and particularized injury in that as a result of this invasion he has been barred from even being considered for lawful admission to the United States for permanent residence; (2) there is a causal connection between the injury-in-fact and the defendants' challenged behavior in that it is precisely the defendants UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and GREGORY RICHARDSON'S failure to bring to a conclusion their unspecified "review" of Defender Services, Inc's immigrant visa

petition upon ALEXANDER VLADIMIROVICH ZALESHCHUK's behalf which prevents him from applying to the U.S. for admission for lawful permanent residence and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will give ALEXANDER VLADIMIROVICH ZALESHCHUK an opportunity to apply for an immigrant visa and ultimately for lawful admission to the U.S. for permanent residency which he is currently lacking. *Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.*, supra, *Patel v. U.S. Citizenship & Immigration Servs.*, supra, *Matushkina v. Nielsen*, supra. Accordingly, plaintiff ALEXANDER VLADIMIROVICH ZALESHCHUK has standing to complain of the actions of defendants UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and GREGORY RICHARDSON as set forth below. *Lujan*, 504 U.S. at 560-61.

## VENUE

5. Inasmuch as the defendant United States Citizenship and Immigration Services resides in the District of Columbia, this Court has venue over this matter.

## DESCRIPTION OF PARTIES

6. The plaintiffs are all citizens and nationals of the Russian Federation, all residing therein.

7. The Defendant CATHERINE HOLT is the U.S. Consul General in Moscow, and as such has the authority to issue immigrant visas. She resides for official purposes in the District of Columbia.

8. The UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) is an agency of the United States government within the Department of Homeland Security. It apparently claims the right to engage in unspecified "review" of the immigrant visa petitions filed by Defenders Services, Inc. upon plaintiff ALEXANDER VLADIMIROVICH ZALESHCHUK's behalf.

9. GREGORY RICHARDSON is the Director of the USCIS' Texas Service Center. He apparently oversees the unspecified "review" of the immigrant visa petition filed by Defenders Services, Inc. upon plaintiff ALEXANDER VLADIMIROVICH ZALESHCHUK's behalf.

BRIEF STATEMENT OF RELEVANT FACTS

10. The USCIS approved Defender Services, Inc.'s Petition for Immigrant Worker (Form I-140) to classify plaintiff ALEXANDER VLADIMIROVICH ZALESHCHUK as an immigrant under 8 U.S.C. § 1153(b)(3) in File No. SRC1817550071 on September 25, 2018.

11. His file was then transferred to the U.S. Consul General in Moscow on or before October 18, 2018, the date upon which the U.S. Department of State's National Visa Center issued an invoice for an Immigrant Visa Processing Fee to his legal counsel before the Consul General, the National Visa Center and the USCIS, Christopher Richardson.

12. Plaintiff ALEXANDER VLADIMIROVICH ZALESHCHUK and his wife and children, plaintiffs OLGA PAPURINA, DANIL ZALESHCHUK, and VLADISLAV ZALESHCHUK, were all assigned Case No. MOS2018791006 by the National Visa Center.

13. Then on May 20, 2019, it was announced, without explanation, that Defenders, Inc's immigrant visa petition upon behalf of plaintiff ALEXANDER VLADIMIROVICH ZALESHCHUK has been "sent" to the USCIS for unspecified "review".

14. Mr. ZALESHCHUK was further informed that USCIS was "reviewing it, and will notify you by mail when we are done."

15. The plaintiffs have not received any substantive information regarding their matters since that time.

## COUNT I

THE CONSUL GENERAL HAS BREACHED HIS DUTY TO THE PLAINTIFFS TO MAKE A FINAL DECISION ON THEIR IMMIGRANT VISA APPLICATIONS WITHIN A REASONABLE TIME.

16. CATHERINE HOLT, Consul General of the U.S. in Moscow, is an officer of the United States Department of State, an agency of the United States government.

17. The U.S. Consul General in Moscow owes a duty to the plaintiffs to make a decision regarding their immigrant visa applications within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

18. The nearly two years in which the plaintiffs' applications have been pending with the Consul General in Moscow is well beyond the time which is reasonably required to adjudicate them.

19. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the plaintiffs.

20. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

21. The Ninth Circuit has held that consulates may be required to issue or refuse a visa:

> A consular office is required by law to act on visa applications. Under 22 C.F.R. § 42.81, "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provision of INA and the implementing regulations, the consular officer shall either issue or refuse the visa. Every refusal shall be in conformance with the provisions of 22 C.F.R. 40.6." In addition, the section is entitled, "Issuance or refusal mandatory."

*Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997)

## RELIEF REQUESTED

WHEREFORE it is respectfully requested that the Court find that an adjudication of plaintiffs' applications for immigrant visas to have been unreasonably delayed and compel CATHERINE HOLT, the U.S. Consul General in Moscow, to adjudicate the plaintiffs' immigrant visa applications in no more than 30 days from the date of the Court's order, and to take such other action as it deems appropriate.

## COUNT II

THE USCIS AND THE DIRECTOR OF ITS TEXAS SERVICE CENTER HAVE BREACHED THEIR DUTY TO "REVIEW" THE IMMIGRANT VISA PETITION APPROVED UPON MR. ZALESHCHUK IN A REASONABLE TIME

22. The UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and GREGORY RICHARDSON, in his official capacity as the Director of the United

States Citizenship and Immigration Services' Texas Service Center, both owe a duty to plaintiff ALEXANDER VLADIMIROVICH ZALESHCHUK to "review" Defender Services, Inc.'s Petition for Immigrant Worker upon his behalf within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

23. The over sixteen months this petition has been pending with the UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and GREGORY RICHARDSON, in his official capacity as the Director of the United States Citizenship and Immigration Services' Texas Service Center, is well beyond the time which is reasonably required to "review" it.

24. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the Plaintiff.

25. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

## RELIEF REQUESTED

26. WHEREFORE it is respectfully requested that the Court find that the "review" of Defender Services, Inc.'s Petition for Immigrant Worker upon behalf of ALEXANDER VLADIMIROVICH ZALESHCHUK, to be unreasonably delayed and compel said Defendants to complete its "review" of this petition in no more than 30 days from the date of the Court's order, and to take such other action as it deems appropriate.

Dated this 12th day of October, 2020

s/ *Michael E. Piston* MI 002
Attorney for the Plaintiffs
225 Broadway Ste 307
New York, NY 10007
646-845-9895
Fx: 206-770-6350

## DESCRIPTION OF ACTION

27. This is an action brought by plaintiffs, ALEXANDER VLADIMIROVICH ZALESHCHUK, and their respective spouses and children, PIN TSUI ANN CHU CHEUNG, HAU CHING CHU, HAU LAM CHU, WING KIU WONG, CHEUK KEI PANG, CHEUK HEI PANG and YING KIT PANG, to compel a decision on their applications for immigrant visas which have been pending with the U.S. Consul General in Moscow

    for well over a year, as well as to bring to a conclusion the unspecified "review" the United States Citizenship and Immigration Services' Texas Service Center has been purportedly engaged in pertaining to Defender Services, Inc.'s Petitions for Immigrant Worker upon ALEXANDER VLADIMIROVICH ZALESHCHUK, and 's behalf for over 10 months.

## JURISDICTION

28. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., all laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## STANDING

29. The plaintiffs all have a legally protected interest in a timely decision by the U.S. Consul General in Moscow on their applications for immigrant visas and (1) the invasion of this right has caused them concrete and particularized injury in that as a result of this invasion they have been barred from even being considered for lawful admission to the

United States for permanent residence; (2) there is a causal connection between the injury-in-fact and the defendant CATHERINE HOLT's challenged behavior in that it is precisely that defendant's failure to adjudicate their immigrant visa applications which prevents the plaintiffs from applying to the U.S. for admission for lawful permanent residence and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will give the plaintiffs an opportunity to apply for immigrant visas and ultimately for lawful admission to the U.S. for permanent residency which they are currently lacking. *Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.*, 775 F.3d 1255, 1259-61 (11th Cir. 2014) (viewing "deprivation of an opportunity to apply for adjustment of status" as injury), *Patel v. U.S. Citizenship & Immigration Servs.*, 732 F.3d 633, 637-38 (6th Cir. 2013) (viewing "the loss of an opportunity to become a permanent resident" as injury), *Matushkina v. Nielsen*, 877 F.3d 289, 293 (7th Cir. 2017) (loss of an opportunity to be granted a visa conveyed standing, even if the ultimate issuance of a visa was not certain). Accordingly, the plaintiffs all have standing to complain of the actions of defendant CATHERINE HOLT as set forth below. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

30. Further, plaintiffs ALEXANDER VLADIMIROVICH ZALESHCHUK, and all have a legally protected interest in a timely conclusion of the unspecified "review" of Defender Services, Inc.'s approved immigrant visa petitions upon their behalf by defendants UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and GREGORY RICHARDSON because (1) the invasion of this right has caused them concrete and particularized injury in that as a result of this invasion they have been barred from even being considered for lawful admission to the United States for permanent residence; (2)

there is a causal connection between the injury-in-fact and the defendants' challenged behavior in that it is precisely the defendants UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and GREGORY RICHARDSON'S failure to bring to a conclusion their unspecified "review" of Defender Services, Inc's immigrant visa petitions upon their behalf which prevents these plaintiffs from applying to the U.S. for admission for lawful permanent residence and (3) it is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will give these plaintiffs an opportunity to apply for immigrant visas and ultimately for lawful admission to the U.S. for permanent residency

which they are currently lacking. *Kurapati v. U.S. Bureau of Citizenship & Immigration Servs.*, *supra*, *Patel v. U.S. Citizenship & Immigration Servs.*, *supra*, *Matushkina v. Nielsen*, *supra*. Accordingly, plaintiffs ALEXANDER VLADIMIROVICH ZALESHCHUK, and all have standing to complain of the actions of defendants UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and GREGORY RICHARDSON as set forth below. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

## VENUE

31. Inasmuch as the defendant United States Citizenship and Immigration Services resides in the District of Columbia, this Court has venue over this matter.

## DESCRIPTION OF PARTIES

32. The plaintiffs are all citizens and nationals of the People's Republic of China, residing in the Hong Kong Special Administrative Region.

33. The Defendant CATHERINE HOLT is the U.S. Consul General in Moscow, and as such has the authority to issue immigrant visas.

34. The UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS) is an agency of the United States government within the Department of Homeland Security. It apparently claims the right to engage in unspecified "review" of the immigrant visa petitions filed by Defenders Services, Inc. upon plaintiffs ALEXANDER VLADIMIROVICH ZALESHCHUK, and 's behalf.

35. GREGORY RICHARDSON is the Director of the USCIS's Texas Service Center. He apparently oversees the unspecified "review" of the immigrant visa petitions filed by Defenders Services, Inc. upon plaintiffs ALEXANDER VLADIMIROVICH ZALESHCHUK, and 's behalf.

BRIEF STATEMENT OF RELEVANT FACTS

36. The USCIS has approved Defender Services, Inc.'s Petitions for Immigrant Worker (Form I-140) to classify plaintiffs ALEXANDER VLADIMIROVICH ZALESHCHUK, and as immigrants under 8 U.S.C. § 1153(b)(3) in File Nos. SRC1707750130, SRC1790071247 and SRC1790080231, respectively.

37. Each of the plaintiffs filed an application for an immigrant visa with the U.S. Consulate General in Moscow on or before January 19, 2017.

38. Plaintiff ALEXANDER VLADIMIROVICH ZALESHCHUK and his wife and children, plaintiffs PIN TSUI ANN CHEUNG, HAU CHING CHU and HAU LAM CHU, were all assigned Case No. HNK2017621001 by the National Visa Center.

39. Plaintiff and her daughter, WING KIU WONG, were both assigned Case No. HNK2017636002 by the National Visa Center.

40. and her husband and children, CHEUK KEI PANG, CHEUK HEI PANG and YING KIT PANG, were all assigned Case No. HNK2017635005 by the National Visa Center.

41. Each plaintiff was scheduled for an interview on their immigrant visa applications at the U.S. Consulate General in Moscow on or before October 19, 2017.

42. Prior to that date each plaintiff was informed that their appointment had been cancelled.

43. At the same time that their appointments were cancelled, plaintiffs ALEXANDER VLADIMIROVICH ZALESHCHUK, and 's were all informed that Defender Services, Inc. immigrant visa petition upon behalf of had been returned to the USCIS for unspecified "review".

44. The plaintiffs have not received any substantive information regarding either any of these matters since that time.

## COUNT I

THE CONSUL GENERAL HAS BREACHED HIS DUTY TO THE PLAINTIFFS TO MAKE A FINAL DECISION ON THEIR IMMIGRANT VISA APPLICATION WITHIN A REASONABLE TIME.

45. CATHERINE HOLT, Consul General of the U.S. in Moscow, is an officer of the United States Department of State, an agency of the United States government.

46. The U.S. Consul General in Moscow owes a duty to the plaintiffs to make a decision regarding their immigrant visa applications within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or

their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

47. The over one year in which the plaintiffs' applications have been pending with the Consul General in Moscow and/or his predecessor(s), is well beyond the time which is reasonably required to adjudicate them.

48. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the plaintiffs.

49. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

50. The Ninth Circuit has held that consulates may be required to issue or refuse a visa:

> A consular office is required by law to act on visa applications. Under 22 C.F.R. § 42.81, "[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provision of INA and the implementing regulations, the consular officer shall either issue or refuse the visa. Every refusal shall be in conformance with the provisions of 22 C.F.R. 40.6." In addition, the section is entitled, "Issuance or refusal mandatory."

*Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997)

### RELIEF REQUESTED

51. WHEREFORE it is respectfully requested that the Court find that an adjudication of plaintiffs' applications for an immigrant visa to have been unreasonably delayed and compel CATHERINE HOLT, the U.S. Consul General in Moscow, to adjudicate the plaintiffs' immigrant visa applications in no more than 30 days from the date of the

Court's order, and to take such other action as it deems appropriate.

## COUNT II

THE USCIS AND THE DIRECTOR OF ITS TEXAS SERVICE CENTER HAVE BREACHED THEIR DUTY TO "REVIEW" THE IMMIGRANT VISA PETITIONS APPROVED UPON PLAINTIFFS CHU, YAN AND YEUNG IN A REASONABLE TIME

52. The UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and GREGORY RICHARDSON, in his official capacity as the Director of the United States Citizenship and Immigration Services' Texas Service Center, both owe a duty to plaintiffs ALEXANDER VLADIMIROVICH ZALESHCHUK, and to "review" Defender Services, Inc.'s Petitions for Immigrant Workers upon these plaintiffs' behalf within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

53. This petition has been pending with the UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES and GREGORY RICHARDSON, in his official capacity as the Director of the United States Citizenship and Immigration Services' Texas Service Center, well beyond the time which is reasonably required to "review" it.

54. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the Plaintiff.

55. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

## RELIEF REQUESTED

56. WHEREFORE it is respectfully requested that the Court find that the "review" of Defender Services, Inc.'s Petition for Immigrant Worker upon behalf of ALEXANDER VLADIMIROVICH ZALESHCHUK, and to be unreasonably delayed and compel said Defendants to complete its "review" of this petition in no more than 30 days from the date of the Court's order, and to take such other action as it deems appropriate.

Dated this  day of October, 2018

s/ *Michael E. Piston* MI 002
Attorney for the Plaintiffs
225 Broadway Ste 307
New York, NY 10007
646-845-9895
Fx: 206-770-6350